J-A01033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                         :           PENNSYLVANIA
                                                          :

                 v.                                     :

ALANA J. WRIGHT-BENTON           :

              Appellant        :      No. 119 EDA 2024

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001951-2022

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER PER CURIAM:           **FILED DECEMBER 12, 2024**

Alana Wright-Benton ("Wright-Benton") appeals *pro se* from her judgment of sentence for recklessly endangering another person ("REAP").[1] We dismiss and strike the case from the argument list.

In July 2023, a jury convicted Wright-Benton of REAP. In November 2023, the trial court imposed a two-year probationary term. Counsel filed a post-sentence motion, which the court denied in December 2023. In January 2024, following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), the trial court permitted trial counsel to withdraw and granted Wright-Benton the right to proceed *pro se*. Wright-Benton filed a timely notice of appeal asserting four appellate issues:

_____

[1] 18 Pa.C.S.A. § 2705.

Q. Did the trial court exclude or overlook detail that would've led to a different outcome for the appellant?

Q. Did the trial ADA use arguments that were against the rules of evidence?

Q. Did prosecutorial mistakes impact the appellant in this criminal proceeding?

Q. Where is the threshold for reasonable behavior, "good behavior," bad behavior or conduct established, identified, or defined?

Wright-Benton's 1925(b) Statement, 1/24/24, at 2 (unnumbered). The trial court averred the 1925 Statement was "rambling [and] unintelligible" and declared itself unable to address it. **See** Trial Court Opinion, 1/31/24.

Wright-Benton filed a 58-page brief that includes the same stated questions from her 1925(b) Statement, and both a statement of the facts and arguments that provide no citations to the record other than to specific **dates** of trial.[2] Additionally, Wright-Benton's arguments consist of assertions of fact unsupported by record citations, followed by lettered paragraphs that cite various authorities but do not discuss them. **See, e.g**. Wright-Benton's Brief at 22-24, 26-31, 34-35, 43-44, 49-50.

A Rule 1925(b) statement that is too vague to allow the court to identify the issues raised on appeal "is the functional equivalent of no [1925(b)

---

[2] **See, e.g.**, Wright-Benton's Brief at 27 (citing "Transcript 7/11/23"), 34 (citing "Trial Transcript"), 35 (citing "Trial Transcript 7.19.23"), 38 (citing "Trial Transcript"), 44 (citing "Trial Transcript 07.20.23"), 53 (citing Trial Transcript 7/9/23).

Statement] at all." **See Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted). When a 1925(b) Statement is not specific enough to allow the trial court to identify and address the claims raised on appeal, the 1925(b) Statement hampers appellate review and is waived. **See id**.

Additionally, appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. **See Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017). *Pro se* defendants are subject to the same rules of procedure as represented defendants:

> [a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly contained in the pleading.

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014). It is an appellant's duty to present arguments that are sufficiently developed for our review. **See Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023). This Court will not comb the record for facts in support of an appellant's claim and will not development arguments on her behalf. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. **See Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006) (holding an appellant's failure to support his claim

with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim) (citation omitted).

Wright-Benton's 1925(b) statement was so vague it did not permit the trial court to identify the issues raised on appeal, rendering it the functional equivalent of no 1925(b) Statement. **See Reeves**, 907 A.2d at 2. Additionally, Wright-Benton's brief contains no citations to the record other than to certain dates of testimony, in violation of Pa.R.A.P. 2117(b), and Pa.R.A.P. 2119(c), which requires an appellant provide "a reference to the place in the records where the matter referred to appears[.]" Further, Wright-Benton failed to state wherein the record the questions sought to be reviewed were raised. **See** Pa.R.A.P. 2117(c)(1). Wright-Benton's arguments fail to conform with Pa.R.A.P. 2119(a), which provides an argument shall be followed by the citation and discussion of pertinent authorities. Finally, as noted, this Court will not comb the record or make an appellant's arguments for her. **See Samuel**, 102 A.3d at 1005. **See Commonwealth v. Walter**, 966 A.2d 560, 567 (Pa. 2009) (declining to consider "vague and confusing" argument or points that are "simple incomprehensible").

This Court recognizes the substantial effort Wright-Benton undertook to prepare her pleading but it is not our responsibility to comb the record to find support for her claims or articulate her arguments for her. **See Blakeney**, 108 A.3d 739, 766; **Samuel**, 102 A.3d at 1005. Given these multiple

deficiencies, this Court is unable to meaningfully review the issues Wright-Benton purports to raise. Accordingly, Wright-Beton's failure to conform with our appellate rules compels the dismissal of the appeal. ***See*** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed"); ***accord Gould***, 912 A.2d at 873.

Appeal dismissed. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2024